Rayminh L. Ngo, Esq.,
**HIGBEE & ASSOCIATES** (Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*
GREAT BOWERY INC.,
d/b/a TRUNK ARCHIVE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT BOWERY INC., d/b/a TRUNK ARCHIVE,<br><br>                 Plaintiff,<br><br>v.<br><br>Z57, INC.; IGD REAL ESTATE LLC; ERIK KOBLEY; and DOES 1-10, inclusive<br><br>                 Defendant. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff Great Bowery, Inc., d/b/a Trunk Archive ("Trunk Archive") states its counterclaim against Defendants Z57, Inc. ("Z57"), IGD Real Estate, LLC ("IGD"), Erik Kobley ("Kobley"), and DOES 1 through 10, inclusive, as follows:

## PARTIES

2. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive is a Delaware corporation duly organized by law, having a place of business at 190 Bowery New York, NY 10012.

3. On information and belief, Z57, Inc. is a California corporation located in San Diego, California.

1

4. On information and belief, IDG Real Estate LLC, Inc. is a New York limited liability company located in Ossining, New York

5. On information and belief, Erik Kobley, in an individual doing business in Long Beach, New York.

6. Trunk Archive is unaware of the true names and capacities of the Counterclaim Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Counterclaim Defendants under such fictitious names. Trunk Archive is informed and believes and on that basis alleges that such fictitiously named Counterclaim Defendants are responsible in some manner for the occurrences herein alleged, and that Trunk Archive's damages as herein alleged were proximately caused by the conduct of said Counterclaim Defendants. Trunk Archive will seek to amend the complaint when the names and capacities of such fictitiously named Counterclaim Defendants are ascertained. As alleged herein, "Counterclaim Defendant" shall mean all named Counterclaim Defendants and all fictitiously named Counterclaim Defendants.

7. For the purposes of this Complaint, unless otherwise indicated, "Counterclaim Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Counterclaim Defendants named in this caption.

## JURISDICTION AND VENUE

8. The Court has jurisdiction under the laws of the United States concerning actions relating to copyright, 28 U.S.C. § 1338(a).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

10. This Court has personal jurisdiction over Defendants IGD and Kobley because they are located and reside in the state of New York and do business in the state of New York. This Court has personal jurisdiction over

2

Z57 because Z57 does business in New York, and the claims asserted in this actions arise directly out of Z57's business and contractual relationship with Defendant's IGD and Kobley, both of whom reside and do business in New York.

11. Venue is proper because a substantial part of the events or omissions giving rise to the claims alleged in this Counterclaim occurred in this Judicial District.

## FACTUAL BACKGROUND

### *Trunk and the Photographs Forming the Subject Matter of this Complaint*

12. Trunk Archive is a full service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

13. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

14. One of the artists whom Trunk Archive represents is New York based photographer Jamie Chung.

15. Some of Chung's clients include Apple, Bacardi, Barney's Dos Equis, Fed Ex, Google, GQ, Jet Blue, Marie Claire, Newsweek, Sephora, Smithsonian, Starbucks, Stella Artois, and Tiffany's.

16. One of Chung's regular clients is Dwell, a publication focused on modern living, home architecture, and design. Dwell operates the website [www.Dwell.com](www.Dwell.com).

17. Some of the content on Dwell's website if free for all users to view, while other content on Dwell's website with paid Dwell+ subscription.

18. In 2018, Chung created 44 unique photographs which were featured in four editorial articles on Dwell's website ("Dwell Photographs").

19. Attached hereto as Exhibit A are true and correct copies of the Dwell Photographs.

20. The first Dwell article is titled "Watch: It Takes 9 Hours For Woodworkers to Make This Shaker-Inspired Chair" was posted on Dwell's website on February 1, 2018. *See* https://bit.ly/2DWQBlJ.

21. In order to access this article and the accompanying Dwell Photographs, a user is required to have a paid subscription to Dwell+.

22. The second Dwell article is titled "From Sketchbook to Loom, We Reveal How a Brooklyn Designer Created Her New Ocean-Inspired Textile" was posted on Dwell's website on April 2, 2018. *See* https://bit.ly/2GIZF0P.

23. In order to access this article and the accompanying Dwell Photographs, a user is required to have a paid subscription to Dwell+.

24. The third Dwell article is titled "Maximalist Auteur Jonathan Adler Explains the Giant Wooden Shoe on His Desk" was posted on Dwell's website on June 8, 2018. *See* https://bit.ly/2MuJo3n.

25. This article does not require a subscription to access.

26. The fourth Dwell article is titled "Here's How a Family Business in Brooklyn Handcrafts Top-Notch Headphones" was posted on Dwell's website on June 29, 2018. *See* https://bit.ly/2YzZL5g.

27. In order to access this article and the accompanying Dwell Photographs, a user is required to have a paid subscription to Dwell+.

28. Trunk Archive is the exclusive licensor of all 44 of the Dwell Photographs.

29. The Dwell Photographs are registered with the United States Copyright Office under registrations VA 2-142-120 and VA 2-156-958

4

### *Defendants' Infringement of the Dwell Photographs*

30. On information and belief, Defendant Z57 is a business that provides real estate marketing, website design services, website hosting, and database management for real estate agents.

31. On information and belief, Z57 offers its services nationwide, including in the state of New York.

32. On information and belief, Defendant IGD conducts a real estate business in and around Ossining, New York.

33. On Information and belief, IGD owns and operates the website www.irenedasilvarealestate.com ("IGD Website") through which it advertises its real estate business.

34. On information and belief, IGD has the right and ability to supervise and control all content on the IGD Website, and receives a financial benefit from content that attracts visitors to the IGD Website who utilize IGD's real estate services.

35. On information and belief, Defendant Kobley conducts a real estate business in and around Long Beach, New York.

36. On Information and belief, Kobley owns and operates the website www.buyselllongislandhomes.com ("Kobley's Website") through which he advertises his real estate business.

37. On information and belief, Kobley has the right and ability to supervise and control all content on Kobley's Website, and receives a financial benefit from content that attracts visitors to Kobley's Website who utilize Kobley's real estate services.

38. On information and belief, IGD and Kobley both separately entered into a contract with Z57 for website design services related to both the IGD Website and Kobley's Website.

39. On information and belief, Both the IGD Website and Kobley's Website were designed by Z57.

### *Defendants' Infringement of the Dwell Photographs*

40. In January of 2019, Trunk Archive began discovering that the Dwell Photographs were being displayed without authorization on a number of real estate websites.

41. After investigating the claims further, Trunk Archive discovered over 30 separate websites advertising real estate services in 20 different states, all of which were designed by Z57.

42. In addition, Trunk Archive also discovered that 14 of the Dwell Photographs were being displayed on Kobley's Website and 17 of the Dwell Photographs were being displayed on IGD's Website.

43. Included in that total were IGD's Website and Kobley's Website.

44. Attached hereto as Exhibit B are true and correct screenshots of Kobley's Website showing the unauthorized display of the Dwell Photographs.

45. Attached hereto as Exhibit C are true and correct screenshots of IGB's Website showing the unauthorized display of the Dwell Photographs.

46. Trunk Archive also noticed that all of the websites designed by Z57 displayed the Dwell Photographs in two separate ways.

47. First, a number of the websites contained a string of HTML code embedded on various pages linking directly to the Dwell website, which caused the Dwell Photographs to be displayed on the Z57 designed websites in a manner indistinguishable from other content that had been directly uploaded to the Z57 designed website's servers.

48. In addition, the inline link appeared to circumvent the paywall on Dwell's website which locked non-subscribers from viewing some of the Dwell Photographs, as anyone who visited a Z57 designed website could view the

inline linked Dwell Photographs whether the visitor was a paid subscriber to Dwell+ or not.

49. Second, Trunk Archive also discovered that a number of the Dwell Photographs displayed on some of the Z57 designed websites were being hosted and from a third party server hosted by Amazon which was not controlled by Dwell or Trunk Archive.

50. The Dwell Photographs as displayed on Kobley's Website and IGD's Website originated from this third party Amazon server.

51. On information and belief, Z57 uploaded unauthorized copies of the Dwell Photographs to this third party Amazon server and caused them to be publically displayed on a number of Z57 designed websites, including Kobley's Website and IGD's Website.

52. The Dwell website's terms of services specifically prohibits the contents on the Dwell's website, including the Dwell Photographs, from being "copied, reproduced, displayed, republished, downloaded, posted, digitized, translated, modified, transmitted, distributed, or commercially exploited" in this manner. *See* https://www.dwell.com/terms.

53. Trunk Archive did not issue a license to any of the Defendants to use the Dwell Photographs in any manner, nor were the Defendant's authorized by the terms and conditions on the Dwell website to use the Dwell Photographs in the manner in which they were used.

### FIRST COUNTERCLAIM
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

54. Trunk Archive incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

7

55. Trunk Archive holds the exclusive right to license the Dwell Photographs, which are original works of authorship subject to copyright protection under the laws of the United States.

56. The Dwell Photographs have been registered with the United States Copyright Office and perfected registration certificates have been issued.

57. Z57, IGD, and Kobley have directly, vicariously, contributorily and/or by inducement willfully infringed the copyrights to the Dwell Photographs by causing them to be displayed on various websites, including IDG's Website and Kobley's Website without authorization in violation of 17 U.S.C. § 501 *et seq*.

58. All of Defendants' acts were performed without Trunk Archive's permission, license, or consent.

59. As a result of Defendants' violations of Title 17 of the U.S. Code, Trunk Archive is entitled to recover damages in the form of any actual damages and disgorgement of profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

60. As a result of Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow Trunk Archive the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

61. The said wrongful acts of Defendants have caused, and are causing, great injury to Trunk Archive, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law.

62. Accordingly, Trunk Archive seeks a declaration that Defendants are infringing the copyrights to the Dwell Photographs and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of its copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Trunk Archive requests judgment against Defendants as follows:

1. Defendants and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with Defendants be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all copyrights owned or managed by Trunk Archive, including the Dwell Photographs;

2. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringed the Dwell Photographs pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

3. Actual damages and disgorgement of all profits derived by Defendants from its acts of copyright infringement to reimburse Trunk Archive for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Trunk Archives' election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

4. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 or otherwise available by law;

9

5. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, or otherwise available by law;

6. Prejudgment interest to Trunk Archive on all amounts owed; and

7. Any such other and further relief as the Court may deem just and appropriate.

Dated: August 6, 2019          Respectfully submitted,

**/s/Rayminh L. Ngo, Esq.,**
Rayminh L. Ngo
**HIGBEE & ASSOCIATES**
(Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

      Plaintiff Great Bowery, Inc., d/b/a Trunk Archive hereby demands a trial by jury in the above matter.

Dated: August 6, 2019                Respectfully submitted,

                                            **/s/Rayminh L. Ngo, Esq.,**
                                            Rayminh L. Ngo
                                            **HIGBEE & ASSOCIATES**
                                            (Of Counsel)
                                            1504 Brookhollow Dr., Ste 112
                                            Santa Ana, CA 92705-5418
                                            (714) 617-8336
                                            (714) 597-6729 facsimile
                                            rngo@higbeeassociates.com
                                            *Counsel for Plaintiff*